UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA MORBECK, on behalf of C.H., a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | No. CV-06-0180-MWL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment, noted for hearing without oral argument on December 26, 2006. (Ct. Rec. 15, 17). Jessica Morbeck ("Ms. Morbeck"), on behalf of her minor daughter, C.H. ("Plaintiff"), filed a reply brief on December 18, 2006. (Ct. Rec. 19). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 15), **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 17), and **REMANDS** the case for further proceedings.

- 1 -

**JURISDICTION**

On December 3, 2002, Ms. Morbeck filed an application for Supplemental Security Income ("SSI") benefits, on behalf of Plaintiff, alleging Plaintiff's disability since August 14, 2002, due to developmental delays resulting from a cytomegalovirus infection. (Administrative Record ("AR") 51-54, 68). The application was denied initially and on reconsideration. On June 2, 2005, an administrative hearing was held before Administrative Law Judge ("ALJ") Mary B. Reed, at which time testimony was taken from Plaintiff's mother, Ms. Morbeck, and medical expert Roger J. Meyer, M.D. (AR 307-337). On October 28, 2005, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 20-28). The Appeals Council denied a request for review on June 2, 2006. (AR 6-9). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On June 14, 2006, Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g). (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner and will only be summarized here. Plaintiff was three years old on the date of the ALJ's decision. (AR 21).

At the administrative hearing held on June 2, 2005, Plaintiff's mother testified that she had an accident when she was about eight months pregnant and subsequent ultrasounds revealed that Plaintiff had fluid around her brain prior to her birth. (AR 321-322). Ms. Morbeck stated that, following Plaintiff's birth,

she first noticed abnormalities when Plaintiff was about three months old and could not support her own head and could not move her arms and legs. (AR 322). Ms. Morbeck indicated that Plaintiff has been attending speech, occupational and physical therapy. (AR 323).

Ms. Morbeck testified that Plaintiff's ability to walk was delayed. (AR 324). She stated that Plaintiff first learned to walk at about 18 to 20 months and was still unsteady on her feet. (AR 324). Ms. Morbeck indicated that Plaintiff had severe hearing loss in her right ear and had been wearing a hearing aide for almost two years. (AR 326). She stated that the digital hearing aide worked well. (AR 326). Although Plaintiff has tubes in both ears, there has been no noticeable decline in hearing in her left ear. (AR 327-328). Ms. Morbeck indicated that Plaintiff also has difficulty with her speech and had been attending therapy for that as well. (AR 329).

Ms. Morbeck stated that Plaintiff rides a tricycle and also a scooter made for toddlers. (AR 331). She also stated that Plaintiff can run on a good day. (AR 331). With regard to Plaintiff's speech, Ms. Morbeck testified that most of the time other people cannot understand her, but she is able to understand her child. (AR 331-332). Ms. Morbeck indicated that Plaintiff can understand if given just a couple of words. (AR 333). Plaintiff plays with toys, draws pictures, watches television and reads books. (AR 332). Ms. Morbeck stated that she reads to Plaintiff and Plaintiff will sit for a long time and listen to the reading. (AR 333). Plaintiff also plays with neighbor kids and other kids at her preschool. (AR 334). Ms. Morbeck also reported

1  that Plaintiff is able to feed herself using a fork or spoon,
2  drink from a cup and brush her teeth.  (AR 335).
3     Medical expert, Roger J. Meyer, M.D., was also called upon to
4  give testimony at the administrative hearing on June 2, 2005.  (AR
5  312-321).  Dr. Meyer testified that while Plaintiff had several
6  severe impairments, the impairments did not meet or equal any of
7  the Listings impairments.  (AR 313-314).  He opined that all six
8  of Plaintiff's functional domains were less than marked.  (AR
9  314).  Dr. Meyer indicated that there does not seem to be any
10 evidence of any significant serious delay that would meet or equal
11 anything in the criteria.  (AR 314).  According to the evidence,
12 Dr. Meyer stated that Plaintiff continues to develop and grow in a
13 satisfactory fashion.  (AR 315).  Dr. Meyer testified that tests
14 reveal some mild delays, but noted that Plaintiff was making good
15 progress.  (AR 316).  He indicated that the prognosis for these
16 types of children, with a fixed, non-recurring brain impairment,
17 is very good.  (AR 318).
18    At the request of Plaintiff's attorney, the ALJ left the
19 record open for 30 days for Plaintiff's attorney to present
20 additional records.  (AR 336).  It has not been explained why the
21 additional materials that were later submitted to the Appeals
22 Council were not submitted to the ALJ during this time period.

### **SEQUENTIAL EVALUATION PROCESS**

24    On August 22, 1996, Congress passed the Personal
25 Responsibility and Work Opportunity Reconciliation Act of 1996,
26 Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. §
27 1382c(a)(3).  Under this law, a child under the age of eighteen is
28 considered disabled for the purposes of SSI benefits if "that

individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (2003).

The regulations provide a three-step process in determining whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, then the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. If, however, there is a finding of severe impairment, the analysis proceeds to the final step which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or functionally equal" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six domains, or broad areas of functioning, are utilized: acquiring and using information, attending and completing tasks, interacting and relating with

others, moving about and manipulating objects, caring for yourself and health and physical well-being.  20 C.F.R. § 416.926a.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

///

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## **ALJ'S FINDINGS**

The ALJ found at step one that, at three years old, Plaintiff has never engaged in substantial gainful activity. (AR 21). At steps two, the ALJ determined that Plaintiff suffers from the following severe impairments: hearing loss, developmental delays, and congenital cytomegalovirus infection. (AR 21). The ALJ determined that the evidence of record demonstrated that Plaintiff's impairments, although severe, do not meet, medically equal, or functionally equal the criteria of any of the listings impairments. (AR 23). With regard to functional equivalence, the ALJ concluded that Plaintiff has less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and

manipulating objects, caring for herself (self-care), and health and physical well being. (AR 25-27). The ALJ thus determined that Plaintiff's impairments did not result in any marked or extreme limitations in any of the assessed domains. (AR 27). Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act. (AR 28).

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, she argues that:

1. The ALJ erred by relying on the testimony of the medical expert rather than the opinion of examining and treating physician sources; and

2. Based on newly submitted evidence, the record demonstrates that Plaintiff has at least three marked limitations in the six domains thus establishing functional equivalence.

The Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

## DISCUSSION

Plaintiff argues that, based on a June 16, 2005 letter from Plaintiff's treating physician, Kenneth J. Kapstafer, M.D.,[1] and evidence submitted to the Appeals Council following the ALJ's

---

[1] Despite argument by Plaintiff to the contrary (Ct. Rec. 16, p. 9), Dr. Kapstafer's letter actually lends support to the ALJ's determination in this case. Dr. Kapstafer opined that Plaintiff has developmental delays, but was progressing in a slow steady pace. (AR 282). His letter indicated that she had demonstrated much improvement in her growth and development. (AR 282). These findings are consistent with the ALJ's opinion in this case.

- 8 -

1 | determination in this case, the Commissioner should have
2 | determined that Plaintiff functionally equaled the listings.  (Ct.
3 | Rec. 16, pp. 7-13).  Plaintiff specifically asserts that, contrary
4 | to the medical expert's testimony, the record reflects that she
5 | has marked limitations in self-care, moving about and manipulating
6 | objects, and interacting and relating with others.  (*Id.*)

7 |     The ALJ evaluated the record, including the hearing
8 | testimony, various medical evaluations, Dr. Kapstafer's June 16,
9 | 2005 letter, state agency reviewing physician reports and Dr.
10 | Meyer's expert testimony, and concluded that Plaintiff had less
11 | than marked functional limitations in all six domains of
12 | functioning.  (AR 22-27).  The ALJ's opinion is not based solely
13 | on the medical expert's opinion, rather it takes into
14 | consideration all evidence available to her at that time.  (*Id.*)
15 | The undersigned finds that the ALJ's decision would be appropriate
16 | based on the evidence presented to her at that time.  However,
17 | despite leaving the record open for 30 days following the June 2,
18 | 2005 administrative hearing (AR 336), the ALJ was not given the
19 | opportunity to review the additional records submitted to the
20 | Appeals Council.  (AR 5, 284-306).

21 |     42 U.S.C. § 1382c(a)(3)(I) directs that, before making a
22 | determination whether a child is disabled within the meaning of
23 | the Social Security Act, an ALJ must obtain a case evaluation by a
24 | pediatrician or other appropriate specialist who considers the
25 | record in its entirety.  *Howard ex rel. Wolff v. Barnhart*, 341
26 | F.3d 1006, 1014 (9th Cir. 2003).
27 | ///
28 | ///

In this case, Roger J. Meyer, M.D., testified as a medical expert at the administrative hearing. (AR 312-321). Dr. Meyer stated that his review of the record, in its entirety, revealed that all six of Plaintiff's functional domains were less than marked. (AR 314). Dr. Meyer indicated that there did not seem to be any evidence of any significant serious delay. (AR 314). He testified that tests reveal some mild delays, but noted that Plaintiff was making good progress and continued to develop and grow in a satisfactory fashion. (AR 315-316). Nevertheless, Dr. Meyer did not have the opportunity to review the Spokane Public Schools' test results from March, April and May of 2005 (AR 284-298), the records of the Hearing and Speech Clinic dated May 26, 2005 (AR 299-300), the record of Spokane ENT Clinic dated September 20, 2005 through March 14, 2006 (AR 301-302) and the records of Holy Family Rehabilitation Services dated October 20, 2005 (AR 303-306).

The Spokane Public Schools records consist of an adaptive/social evaluation, a hearing evaluation and vision screening, a psychological evaluation, an occupational therapy evaluation, a physical therapy evaluation, a communication disorders evaluation and a summary analysis. (AR 284-298).

The March 29, 2005 adaptive/social evaluation suggested "a significant delay" in Plaintiff's adaptive behaviors. (AR 284-285). It was noted that the results of Plaintiff's Developmental Inventory test indicated an adaptive total standard score of 65, a standard deviation of -2.33. (AR 284). Test results also suggested that Plaintiff's personal-social skills fell within the average range for a child her age. (AR 285).

Case 2:06-cv-00180-MWL   Document 20   Filed 01/22/07

It was noted in the March 31, 2005 summary of Plaintiff's hearing evaluation that Plaintiff had a significant hearing loss in her right ear. (AR 286-287). The audiologist indicated that the loss "has the potential to adversely impact speech and language development and academic progress." (AR 287).

The April 29, 2005 psychological evaluation revealed that Plaintiff's cognitive functioning fell in the average range. (AR 288). The results of the April 29, 2005 occupational therapy evaluation found that Plaintiff's performance did not indicate a need for occupational therapy services. (AR 289-290). It was noted that Plaintiff was a "delightful" girl who demonstrated functional fine motor skills. (AR 290).

The April 29, 2005 physical therapy evaluation revealed the following adverse affects upon Plaintiff's educational performance: a delay in gross motor skills, a lack of motor abilities to function safely within a school environment, an inability to participate adequately in a gross motor group, and an inability to access and use educational materials adequately. (AR 291). It was noted that the results of the Battelle Gross Motor Domain test revealed a standard deviation of -1.56. (AR 291).

The May 12, 2005 summary analysis of Plaintiff's testing stated that Plaintiff has a significant (perhaps severe to profound) hearing loss in her right ear, test results suggest a significant delay in her adaptive behaviors, and test results suggest that her personal-social skills fell within the average range for a child her age. (AR 293). It was noted that the evaluation did not reflect any behaviors that significantly interfered with Plaintiff's educational performance. (AR 293).

1    Test results further demonstrated that Plaintiff's
2 educational performance was adversely affected by a documented
3 communication disorder. (AR 294). With regard to language, it
4 was noted that Plaintiff has a significant delay in her
5 articulation/phonological skills and was functioning at a level
6 which was at least 1.5 standard deviations below the mean for her
7 chronological age group. (AR 294).

8    Plaintiff's level of performance did not indicate a need for
9 occupational therapy services in the school environment. (AR
10 294). However, the physical therapy evaluation found that
11 Plaintiff does have a delay in gross motor skills. (AR 295). It
12 was noted that Plaintiff did not have the motor abilities to
13 function safely within a school environment, was not able to
14 participate adequately in a gross motor group, was not able to
15 access and use educational materials adequately and requires
16 specially designed instruction from physical therapy staff. (AR
17 295).

18    The summary also indicated that Plaintiff's health records
19 revealed health/physical conditions which may affect her
20 educational programming. (AR 295). However, Plaintiff's
21 congenital cytomegalovirus infection did not currently present as
22 a condition and her hearing impairment would thus be considered
23 the primary disability. (AR 295).

24    The ALJ additionally did not have available for her review an
25 October 20, 2005 physical therapy evaluation report. (AR 303-
26 306). This report documented "significant delay in locomotion
27 skills and balance skills." (AR 305).
28 ///

The Spokane Public Schools records, as well as the physical therapy evaluation report, were not before the ALJ, but were submitted to, and considered by, the Appeals Council in this case. (AR 6-9). Since the Appeals Council "considered" the evidence, that evidence is now a part of the administrative record subject to the Court's review, even though the evidence was never seen by the ALJ. Contrary to the Commissioner's argument (Ct. Rec. 18, pp. 13-15), there is no need to conduct a good cause/materiality inquiry as to whether the Court can consider the evidence or whether the Court should remand based on the evidence, as the evidence is already a part of the record. *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (stating that where claimant submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review"); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, we considered both the ALJ's decision and the additional materials submitted to the Appeals Council). Accordingly, the undersigned must consider whether the ALJ's decision was supported by substantial evidence and free from legal error while reviewing the entire record, including the additional records that were later added to the record.

Neither Dr. Meyer, nor any other medical professional of record, evaluated Plaintiff's case in its entirety; taking into consideration the Spokane Public Schools' records and the physical therapy evaluation report in addition to all other evidence of

- 13 -

record. Although the Commissioner argues that the newly submitted evidence would not change the outcome of the ALJ's decision because it does not differ from the ALJ's conclusions (Ct. Rec. 18, p. 14), in order to make a proper determination, this Court would have to evaluate and quantify the newly submitted evidence, which is not the province of the Court. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); 42 U.S.C. § 405(g). The new evidence, in conjunction with all other evidence of record, should have been evaluated by a qualified pediatrician or other individual who specializes in a field appropriate to the alleged disability of Plaintiff. *Wolff*, 341 F.3d at 1014; 42 U.S.C. § 1382c(a)(3)(I). Since it is clear, as in the *Wolff* case, that Plaintiff's case was not evaluated, as a whole, by a trained medical professional, the undersigned cannot find that the ALJ's determination is supported by substantial evidence.

Based on the foregoing, the undersigned finds that the newly submitted evidence warrants a remand in this case. Pursuant to 42 U.S.C. § 1382c(a)(3)(I), the ALJ shall, on remand, obtain a case evaluation from a pediatrician or other appropriate specialist based on the record in its entirety, including the records sent to and considered by the Appeals Council (AR 284-306).

**CONCLUSION**

Plaintiff argues that this Court should reverse the ALJ's decision and award benefits. (Ct. Rec. 16). The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional

- 14 -

administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary for a proper determination to be made.

On remand, the ALJ shall procure medical consultant information or elicit medical expert testimony at a new administrative hearing. The medical professional shall evaluate Plaintiff's case in its entirety, taking into consideration the newly submitted evidence (AR 284-306) in addition to all other relevant evidence of record. The medical professional shall address the Listings, as well as the six domains of functioning. The ALJ shall also take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 15**) is **GRANTED** in part and the above captioned matter is **REMANDED** for additional proceedings as outlined above and pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment (**Ct. Rec. 17**) is **DENIED**.

3. Judgment shall be entered for **PLAINTIFF**. An application for attorney fees may be filed by separate motion.

4. The District Court Executive is directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

**DATED** this ___22nd___ day of January, 2007.

                                                s/Michael W. Leavitt
                                                MICHAEL W. LEAVITT
                                        UNITED STATES MAGISTRATE JUDGE